**IN THE SUPERIOR COURT OF GUAM**

GUAM GREYHOUND, INC., and JOHN )  Civil Case no. CV0960-06
BALDWIN, )
)
              Plaintiffs, )
) **DECISION AND ORDER**
    vs. )
)
DOROTHY BRIZILL and DOES 1 )
THROUGH 20, )
)
             Defendants. )
)

This matter came before the Honorable Judge Michael J. Bordallo on Defendant Dorothy Brizill's (hereafter Defendant) Motion to Relieve from or Correct Decision and Order. Plaintiffs were represented by attorney Deborah Deitsch-Perez. Defendant was represented by attorney Jeffery A. Cook. Having received and reviewed the arguments, papers, and file herein the Court now issues the following motion GRANTING in part Defendant's request to correct the Court's September 6, 2013 Decision and Order.

**BACKGROUND**

This case arises out of Plaintiffs' August 4, 2006, Complaint for: defamation, tortious interference with Guam Greyhound's prospective business advantage, and false light invasion of privacy. Through a September 4, 2007, Judgment, Plaintiffs' claims were dismissed having been found to be within the mandates of the Guam Citizen Participation in Government Act, found at 7 GCA §§ 17101 *et. seq.* On January 6, 2012 the Court entered a Decision and Order holding that the issue of sanctions would be determined after the issue of attorney fees and

ORIGINAL

costs and limiting and granting Defendant's request for further discovery and the entry of a scheduling order and discovery plan. On September 6, 2013 the Court entered a Decision and Order awarding Defendant $100,666.00 in attorney fees.

On September 18, 2013, Defendant filed a motion to correct and for relief. In it Defendant reminds the Court of the terms of its January 6, 2012 decision and order and asserts that its September 6, 2013 decision, denying sanctions for their failure to be adequately briefed by Defendant was premature. Defendant also requests that the Court issue a scheduling order allowing for the discovery of issues related to sanctions.

Additionally Defendant asserts that the Court in its September 6, 2013, order failed to include in its award the undisputed amount of $3,996.88 for costs. Defendant argues that this was a clerical error by the Court and requests that the order be amended to reflect this amount in addition to the attorney fee award.

Plaintiffs filed its opposition to Defendant's motion on September 20, 2013. In it Plaintiffs concede that the omission of an award of costs from the Court's September 6, 2013 Decision and order was a clerical error and should be amended to also reflect that amount. However they oppose Defendant's request to allow for additional discovery. Plaintiffs argue that the Court's January 6, 2012, order allowed Defendant 120 days to conduct limited discovery, concluding on May 7, 2012, and that Defendant failed to comply with that deadline. Plaintiffs further argue and assert that Defendant has made no assertions of excusable neglect which might justify an extension of the discovery deadline.

Defendant filed her reply on October 30, 2013. In it Defendant disputes that the Court's January 6, 2012 order, set a 120 day discovery limit and argues that it rather allowed for the entry of a scheduling order and discovery plan which was never approved by Plaintiffs' counsel and therefore never entered or ordered. Defendant reasons that it is therefore appropriate that a

discovery plan and scheduling order now issue.

Subsequent to the filing of these motions, the Parties also filed motion, opposition and reply papers regarding Plaintiffs' request to file a sur-reply. These motions will also be considered and disposed in this order.

## DISCUSSION

Rule 7.1 of the Local Rules of the Superior Court of Guam regulates the Court's consideration of a motion to reconsider. Super Ct. Guam R. 7.1(i). This rule provides,

> A motion for reconsideration of the decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*Id.*

A court has an inherent power to correct mistakes which are not the result of the exercise of judgment. *Gagnon v. U.S.*, 193 U.S. 451, 456-57, Guam R. Civ. P. 59, 60. This ability has long been recognized by the U.S. Supreme Court and has been specifically and broadly promulgated into the Guam Rules of Civil Procedure. *Id.* Rule 60(a) of the Guam Rules of Civil Procedure provides that, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party, and after such notice, if any, as the court orders." Guam R. Civ. P. 60(a). Rule 60(b) also allows for the correction of inadvertent error. Guam Rules Civ. P. 60(b).

In this case Plaintiffs correctly identify a clerical error in the Court's September 6, 2013, order. Through inadvertence the Court failed to include a $3,996.88 award of costs that was authorized by law, requested and not opposed by the Parties. Additionally, the Court inadvertently did not recognize the terms of its prior order; where it scheduled the consideration of sanctions after its consideration of attorney fees and costs.

In its January 6, 2012, Decision and Order the Court granted Defendant's request for discovery, set specific limits upon discovery and allowed for the entry of a scheduling order and discovery plan. Since its entry the Defendant has failed to file or schedule any of the limited discovery, move to compel answers, or submit a stipulated, proposed or amended schedule of discovery. Based upon the clear understanding of the Parties at the time of the Court's January 6, 2013 order and the Defendant's unjustifiable inaction the Court cannot support a finding permitting the re-commencement of discovery at this late date.

## CONCLUSION

For the above reasons Defendant's Motion to Relieve from or Correct Decision and Order is GRANTED in part. Accordingly the Court shall issue an amended decision and order *nunc pro tunc* as of the date of its original order of September 6, 2013 and correcting its clerical and inadvertent errors. Defendant shall have 30 days from the entry of this order to file her motion regarding the issue of sanctions after which the Parties will follow the motion schedule established by the Superior Court of Guam's Local Rules.

SO ORDERED, this ___14th___ day of ___February___, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: CUNLIFFE & COOK
J. VISOSKY, J. BRONZE

Date: 2/19/14 Time: 4:54pm

Deputy Clerk, Superior Court of Guam

Page 4 of 4